UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| RADESHA THURAISINGHAM, | * | Case No. 23-42519-ELM |
| | * | |
| Debtor. | * | |
| an individual, | * | Chapter 13 |
| | * | |

### THEMIS LEGAL GROUP, PLLC'S RESPONSE TO SHOW CAUSE WHY THE DISGORGEMENT OF FEES SHOULD NOT BE ENTERED

COME NOW, Themis Legal Group, PLLC ("Themis Firm") and files this Response to Court's Order to Show Cause Why the Disgorgement of Fees Should Not Be Entered (Document 32), and in support will show as follows:

Mr. Radesha Thuraisingham ("Radesha") retained the Law Offices of Alex Hernandez ("Hernandez") to represent him with regards to his HOA and foreclosure proceedings. In May of 2023, Alex Hernandez gave our firm's contact information to Radesha, who then reached out to us in early May of 2023. Radesha told us that he had paid Hernandez and was under the belief that we worked for Hernandez and would be compensated from Hernandez. On May 10, 2023, Radesha copied our firm on emails with Hernandez and advised he was speaking with another attorney who specialized in HOA disputes. On May 15, 2023, Radesha copied our firm on emails with the attorney representing the HOA. That same day, Radesha paid our firm $500 to draft and send demand letters to the attorney and the HOA regarding violations, damages and requesting a hearing for the violations he had been charged with. We discussed the letter with the attorney for the HOA who advised that Radesha had already had numerous hearings, including one on

September 9, 2022, which covered all of his violations up to that date. We advised Radesha of the response and that he had already had a hearing to address these violations. We also advised him in writing that our services had concluded with regards to the demand letter and discussions with the attorney for the HOA and we disengaged with him by sending proper written notification as well, verbal confirmation and numerous emails. Radesha continued to reach out and while we reminded him that we no longer represented him, we responded to his numerous calls, texts and emails regarding his situation and his engagement with several other attorneys.

On May 18, 2023, Radesha forwarded us an email from Hernandez that was sent on May 17, 2023 and advised that he was still working with Hernandez and that it was "extremely challenging." On May 25, 2023, Radesha copied our firm, Hernandez, some additional attorneys and other unknown individuals on numerous emails and admits that he is confused and has been talking with numerous attorneys and engaged with many of them at the same time. Radesha continued to copy us on numerous emails with Hernandez, the attorney for the HOA and other unidentified individuals throughout May and June. We sent a follow up written disengagement on June 6, 2023 and spoke with him several times regarding our disengagement.

In June of 2023, Radesha again solicited our firm to represent him in a suit against the HOA for his medical bills, emotional and mental distress and violations he believed the HOA had committed against him. We responded that we do not have the experience or capacity to handle medical claims nor mental health claims and that he should consult with other attorneys regarding his claim. Radesha continued to reach out to us for assistance throughout June, July and August of 2023 through numerous emails, texts and phone calls while attempting to find counsel.

On August 18, 2023, Radesha continued to try and have us represent him. We advised that we did not handle the medical and health claims he was asserting and that experts would be

needed to testify to those issues. (See Themis Law Exhibit A) Radesha reverted back to his previous mistaken belief that we worked for Hernandez, who he originally engaged to fight the lien on his property. We advised him once again that we are a separate law firm and that he would need experts to testify in his claim and Radesha in order to prove his damages from the HOA. Radesha continued to engage with Hernandez regarding his case as well as other attorneys.

On August 20, 2023, Radesha advised that he had reached out to numerous other attorneys, Legal Aid, the Texas Workforce Commission and that some had given him legal advice but that ultimately, he could not find representation. Radesha told us that if we did not assist him, he would soon be homeless and have nothing to live for. After numerous calls, texts and emails with Radesha, we agreed to limit our scope to the "claim from Home Owners Association Board foreclosure, claim against HOA for bylaw violations and possible bankruptcy." (See Themis Law Exhibit B) The language of the engagement specifically shows that at that time, bankruptcy was still being discussed and it had not been determined if that was the best course of action for Radesha. Additionally, Themis Law agreed to significantly reduce the hourly rate and initial retainer to assist Radesha in his case. The engagement letter was sent on 08/24/2023 which was signed by both the firm representative and Radesha. The engagement letter states in bold red letters "SPECIAL NOTE: ATTORNEY DOES NOT REPRESENT CLIENT AND WILL NOT PERFORM ANY WORK UNTIL BOTH ATTORNEY AND CLIENT EXECUTE THE ATTORNEY ENGAGEMENT LETTER (THIS DOCUMENT) AND CLIENT FUNDS THE REQUIRED RETAINER." A request for payment of the retainer of $3,000 was sent the same day and notification was received that Themis Law would have the funds in 2-3 business days, and we requested additional documentation from Radesha and began reviewing his case and discussing the best course of action. On Saturday, August 26, 2023, less than 48 hours after the engagement

letter had been sent out, Radesha sent a list of what he wanted our scope of work to now include, in which he determined that bankruptcy would be a possible option. (see Themis Law Exhibit C) Two hours later, he replied back to his email stating "I am going to file bankruptcy myself on Monday. Therefore you can forget on item 2." (*Id.*) Radesha, decided over the weekend that he wanted to file and handle the bankruptcy himself and that Themis Law would focus on dealing with the HOA. On Monday, August 28, 2023, Radesha filed the bankruptcy without further consultation or discussion with our firm or an opportunity to respond to his weekend emails. Radesha continued to communicate with other attorneys whom he believed represented him, including the attorney for the HOA. Radesha sent the HOA attorney an email with the bankruptcy information to which Ms. Shawna Dalrymple replied that they had run Radesha's name and the case number through the bankruptcy database but that nothing showed up with his information. (See Themis Law Exhibit D) Our search yielded the same result and we had no documents from Radesha showing what he filed or any additional information.

      We spoke with Radesha about communicating with the attorney for the HOA to which he replied that she worked for him since he was a member of the HOA. During this discussion with him, we came to understand that Radesha believed Ms. Dalrymple and the Law Firm of Cagle Pugh worked for him as well and he had been communicating with them directly. He also advised us that he was still consulting with several other attorneys including Hernandez as well as other non-attorneys who were giving him legal advice. Radesha advised that he would continue to represent himself in the bankruptcy proceedings and made numerous demands regarding how we should practice the law and additional lawsuits he wanted to file, all of which tied back to this case with the HOA, the unpaid fees and assessments and the foreclosure.

Radesha asked us to help provide additional Chapter 13 docs for him over the week of August 28, 2023, which we did and sent to him on September 4, 2023. On September 6, 2023, Radesha sent additional documents in response to the bankruptcy requirements and we discovered he had requested exceptions when he filed the paperwork and had failed to timely respond or provide the Court with what it required. Over the next ten days Radesha became more erratic and required a significant portion of our time every day. He began texting and calling around 4:00 am and would call and text until midnight. He spoke numerous times every day with attorneys and staff members of our firm and constantly changed his mind and his story. Over the ten-day period, we received, reviewed and responded to over 300 emails, over 600 text messages and over 50 phone calls with the client. Each conversation was Radesha changing his story and giving us improper legal advice that he demanded we follow. Even when we told him that what he wanted was not ethical or possible, he continued to make these improper demands of our firm. Despite the numerous hours spent talking, texting and emailing Radesha, we limited the amount of time we billed his account in an effort to continue to keep his costs down.

On September 13, 2023 Radesha sent additional documents and asked us to file them on his behalf, including a letter from his doctor stating that he has been getting treatment for Depression and Anxiety since 2017, that his ability to comprehend, and process the information and making decisions was compromised. (See Themis Law Exhibit E) I advised him that the case was dismissed on September 6, 2023 and that he sent me the documents a week later. His response alleges that the clerk at the courthouse advised him on how to prepare and fill out the bankruptcy filing and that they "advised [Radesha] to request for not having credit counseling." (See Themis Law Exhibit F) Radesha continues to show a pattern of blaming others for his decisions and making false claims against anyone who has spoken with him or discussed his case with him. Radesha

further states that the "at the advice of the court clerk I did file a reconsideration motion…" His allegations that the clerk not only provided advice but specifically told him to request not to have credit counseling is another example of his desperate attempt to place blame on someone else.

On Sunday September 17, 2023, Radesha requested to disengage with our firm and terminate any services on his behalf. We replied via email that we would honor his request and sent a written disengagement letter to him on September 18, 2023. Per the terms of the engagement, we agreed to refund any remaining balance to him within 30 days of the disengagement, being October 17, 2023. Radesha continued to call, text and email hundreds of times through September 26, 2023, none of which was billed to his account.

On the evening of September 26, 2023 Radesha sent an email stating that he was close to committing suicide and that Alex (Hernandez) and I bore responsibility. (See Themis Law Exhibit G) Upon seeing this email, we immediately called the police and advised them of the situation and that we needed a well check to make sure that Radesha did not hurt himself. We requested a call back or status from them, however, none was provided. A little over a week later, on October 8, 2023 we received notice that the retainer fee charge failed and that Radesha disputed it with his card holder and a chargeback was being processed. (See Themis Law Exhibit H)

Our firm has attempted to help Radesha and provided over 40 hours of legal services to him, while only attempting to bill him for 15.8 hours at a significantly discounted rate. The entirety of his retainer funds has been removed from our Trust Account and appear to have been refunded to Radesha already. We have a history of taking on indigent and disabled clients and providing quality legal services at little or no cost to them. Unfortunately, Radesha was not honest or transparent with us, failed to provide documents in a timely manner, constantly changed what he wanted us to assist him with, what legal actions he wanted to take and demanded that we perform

unethical and improper legal tactics. He has consulted and retained numerous attorneys and has been confused on who is helping him and who represents him throughout the time of our representation and take actions without consulting us or advising us of what he has done.

As shown in the exhibits, we never advised him to file the bankruptcy on his own, he changed his mind within a few hours over the weekend and then went down to the courthouse and filed it himself without consulting us. His actions continued to be erratic and detrimental to his situation, in spite of our efforts to assist him.

WHEREFORE, PREMISES CONSIDERED, Themis Legal Group, PLLC requests the Court not to order the disgorgement of fees as the funds have already been removed from the Trust account to be returned to Radesha even though services were provided and significant time devoted to Radesha and his case.

Dated this the 13th day of October, 2023.

Respectfully submitted,
By: */s/ K. Michael Sturgill, Esq.*
K. Michael Sturgill
Texas State Bar No.: 24075588
209 2nd Street, #245
Fort Worth, TX 76102
Telephone: 214-504-6318
Email: mike@themislegalgroup.com